Mr. Justice Thacker
delivered the opinion of the court.
In 1840, the Grand Gulf Bank instituted a suit upon a promissory note against Wood and another. In 1842, the bank by deed assigned the promissory,note upon which the action was founded, together with other of its assets and effects, to Ingra-ham and Read, or their survivor. In 1846, a judgment of ouster of the corporate franchises of the bank was rendered in the circuit court of Claiborne county, and McLean, Randolph and Massie appointed its trustees under the statute. In 1848, this *485 judgment was amended in this court so “as to embrace only the property, estate and effects of the bank, not contained in the deed of assignment.” Grand Gulf Bank v. The State, 10 S. & M. 428. Subsequently to this amended judgment, and in 1848, the defendants in this cause entered their motion in the circuit court of Claiborne county that the suit be abated, and concurrently, Ingraham and Read moved that court to revive the suit in the name of McLean, Randolph and Massie, for the use of said Ingraham and Read. The latter motion was overruled, and the former sustained by the circuit court.
It has been held in this court, that upon a general judgment of forfeiture of the franchises of a corporation under the statute of 1843, in such case provided, suits theretofore instituted by the corporation dissolved may be revived in the names of the trustees appointed by the court upon the rendition of such judgment. This has been put upon the ground that the trustees take a legal interest in the assets of the dissolved corporation by operation of law. But by the judgment rendered against the Grand Gulf Bank, the assets of that corporation which had been previously made over and assigned by the bank to assignees, including the promissory note upon which this action was founded, were expressly excepted from the operation and effect of the judgment. These assignees took the equitable interest in the note, as the deed of assignment was equivalent to transfer by delivery. The trustees, therefore, appointed under the judgment against this corporation, took no interest either legal or beneficial in the note sued upon, and hence were not entitled to be made parties. There is no doctrine of amendments in this court or elsewhere, that we are informed, which does authorize a suit to be revived in the name of persons having no interest whatsoever in the matter in litigation.
It is unnecessary in this case to consider the point raised under the statute of 1846, as to whether trustees appointed upon a judgment of forfeiture against a corporation by virtue of that statute, are permitted to prosecute suits for the recovery of the assets of such dissolved corporations.
The judgment of the circuit court is affirmed.